UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14233-CIV-CANNON

**DAVID L. HARRIS** and
**SHONDA T. HARRIS**,

    Plaintiffs,
v.

**THE CITY OF FORT PIERCE
POLICE DEPARTMENT, et al.**,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
AND CLOSING CASE**

**THIS CAUSE** comes before the Court upon Defendants' Motion to Quash Service of Process (the "Motion") pursuant to Rules 4 and 12(b)(5) of the Federal Rules of Civil Procedure, filed on November 17, 2022 [ECF No. 47]. Although Defendants style their Motion as a Motion to Quash, the relief they seek is "dismiss[al] [of] Plaintiffs' claims" [ECF No. 47 p. 5]. Therefore, the Court construes the Motion as a Motion to Dismiss. The Court has reviewed the Motion, Plaintiff's Response in Opposition [ECF No. 49], Defendants' Reply [ECF No. 53], and the full record. For the reasons discussed below, Defendants' Motion [ECF No. 47] is **GRANTED**.

**BACKGROUND**

On June 24, 2022, Plaintiffs filed a Complaint against the Fort Pierce Police Department and numerous individuals associated with the Fort Pierce Police Department [ECF No. 1]. Those individuals included Deputy Chief of Police Kenny Norris, Fort Pierce City Manager Nicholas Mimms, Lieutenant James Gagliano, Officer Juan Alvarez, Officer Nicholas Anton, Officer Diego Combe, Officer Christopher Dreizehnter, Officer Candace Fullen, Officer Dylan Perez, Officer

James Pulliam, three unidentified police officers,[1] a police K-9 dog, and an unidentified "confidential informant" [ECF No. 1]. The Complaint purported to bring claims under 42 U.S.C. § 1983 for violations of Plaintiffs' rights under the First, Fourth, Sixth, and Fourteenth Amendments in connection with an alleged false arrest on May 21, 2021, and an alleged unlawful search and seizure on June 28, 2021 [ECF No. 1 pp. 11–27].[2] On July 6, 2022, the Court dismissed the initial Complaint because it constituted a shotgun pleading and gave Plaintiffs until July 29, 2022 to file an Amended Complaint [ECF No. 7]. Plaintiff complied with the Dismissal Order and filed an Amended Complaint removing the City of Fort Pierce Police Department, the police K-9 dog, the unidentified police officers, and Officer Dreizehnter as Defendants [ECF No. 8].[3]

On September 12, 2022, the Court ordered Plaintiffs to perfect service of process upon all Defendants by September 22, 2022, the 90-day deadline to perfect service of process imposed by Rule 4(m) of the Federal Rules of Civil Procedure [ECF No. 23]. As the Court noted, there was no indication on the docket that any Defendants had been served as of September 12, 2022 [ECF No. 23 p. 2]. Subsequently, Plaintiffs moved for, and received, an extension of time to perfect service until October 25, 2022 [ECF Nos. 25, 26].

On September 23, 2022, Plaintiffs filed a Notice of Certified Mail Delivery which

---

[1] The initial Complaint alleged that the three officers could not be positively identified "due to conflicting, inaccurate and misleading report(s)" [ECF No. 1 p. 11].

[2] Plaintiff David Harris was charged with resisting an officer without violence, in violation of Fla. Stat. § 843.02, but the State dismissed that charge. *See State of Florida v. Harris*, No. 2021-MM-001342, ECF No. 68 (Fla. St. Lucie Cnty. Ct. June 3, 2022). The Eleventh Circuit has indicated that false arrest claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), where the underlying charge is *nolle prossed*. *Simpson v. Stewart*, 386 F. App'x 859, 860 (11th Cir. 2010).

[3] Despite the Amended Complaint no longer listing these Defendants as parties to the case [ECF No. 8 pp. 2–6], Plaintiffs' filings on the docket indicate that Plaintiffs believe that the City of Fort Pierce Police Department is still a Defendant in this matter [ECF No. 31 (Motion for Clerk's Entry of Default as to the City of Fort Pierce Police Department)].

purported to perfect service of process on the individual police officers named in the Amended Complaint [ECF No. 27]. The Notice was accompanied by copies of certified mail receipts indicating that copies of the Summons and Complaint were delivered to the front desk of the City of Fort Pierce Police Department at 920 South U.S. 1, Fort Pierce, Florida 34950 [ECF No. 27 pp. 4–6]. One unknown individual signed the receipt for all eight officers [ECF No. 27 pp. 4–6]. Over the next two weeks, Plaintiffs filed additional Notices that purported to perfect service of process on City Manager Mimms and the "Confidential Informant" [ECF Nos. 28, 29]. With respect to City Manager Mimms, the Notice was accompanied by another copy of a certified mail receipt indicating that copies of the Summons and Complaint were delivered to City Hall in Fort Pierce [ECF No. 29 p. 4]. It is unclear who signed the receipt for City Manager Mimms.

In October 2022, counsel appeared on behalf of Defendants for the limited purpose of challenging service of process [ECF Nos. 33, 35]. Thereafter, the Court ordered Defendants to respond to the Complaint "either by answering the Complaint or filing a Rule 12(b) motion" [ECF No. 43]. In response, Defendants filed the instant Motion [ECF No. 47]. The Motion is ripe for adjudication [ECF Nos. 49, 53].

**LEGAL STANDARD**

Service of process must comply with Rule 4 of the Federal Rules of Civil Procedure. When it does not, a defendant may move to dismiss based on insufficient service of process under Rule 12(b)(5). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). When a defendant challenges service of process, the plaintiff bears the burden of showing that it properly served the defendant under Rule 4. *Reeves v. Wilbanks*, 542 F. App'x 742, 746 (11th Cir. 2013) (citing *Aetna Bus. Credit, Inc. v. Universal*

*Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)).

The Federal Rules of Civil Procedure mandate that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed R. Civ. P. 4(m).

## DISCUSSION

Dismissal of this action is warranted because Plaintiffs did not perfect service of process in accordance with Rule 4(e), and there is no good cause under Rule 4(m) for a further extension of the service period.

Rule 4(e) provides that individuals may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Mailing a certified copy of the Summons and Complaint to the officers' and city manager's

places of employment, as Plaintiffs have done here, is not one of the authorized methods for service under Rule 4(e)(2). Persuasive authority indicates as much. *See Lawrence v. Bank of Am., N.A.*, 700 F. App'x 980, 981–82 (11th Cir. 2017) (noting that neither Rule 4 nor the applicable state law permitted plaintiffs to serve defendants by mail); *Martin v. Salvatierra*, 233 F.R.D. 630, 632 (S.D. Fla. 2005) (Jordan, J.).

With Rule 4(e)(2) off the table, the question turns to Rule 4(e)(1): does Florida law permit Plaintiffs to serve Defendants via certified mail as Plaintiffs did here? No, it does not, and statutes governing service of process are to be strictly construed. Rule 1.070(i) of the Florida Rules of Civil Procedure provides that a defendant "*may* accept service of process by mail." Fla. R. Civ. P. 1.070(i) (emphasis added). This method of service, however, is proper only if the defendant waives formal service of process, which is not the case here. *Griffith v. Slade*, 95 So. 3d 982, 984 (Fla. Dist. Ct. App. 2012); *see also Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) ("The Florida Rules of Civil Procedure provide for service of process by certified mail, but only if the defendant agrees to waive personal service.") (citing Fla. R. Civ. P. 1070(i)). There is no indication that Defendants waived personal service. Indeed, Defendants entered appearances for the sole purpose of challenging sufficiency of process, and Defendants consistently have reserved their challenge to the sufficiency of process and other defenses [ECF Nos. 33, 35]. Because Defendants did not waive personal service, Plaintiffs did not perfect service of process under Rule 1.070(i) when they mailed copies of the Complaint and Summons to Defendants. Plaintiffs offer no other basis under Florida law to validate their service efforts, leaving service unperfected under Rule 4(e). Nor does the Court find "good cause" under Rule 4(m) for another extension to effectuate service. The Court previously granted Plaintiffs over an additional month to perfect service [ECF No. 26]; Plaintiffs do not offer a basis in their opposition to support a

finding of good cause for another extension; and although Plaintiffs may believe they "took the only option left" to serve Defendants by sending mailings to Defendants' work address [ECF No. 49 p. 3], the law requires proper service as to each Defendant, and Plaintiffs have not done so here.  Dismissal is warranted.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Quash and/or Dismiss [ECF No. 47] is **GRANTED**.

2. Plaintiffs' Amended Complaint [ECF No. 8] is **DISMISSED** for failure to perfect service of process.  **No further repleading in this case is permitted**.

3. The Clerk **SHALL CLOSE** this case.  Any scheduled hearings are **CANCELED**, any pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 27th day January 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

David L. Harris
1907 Avenue P
Fort Pierce, Florida 34950

Shonda T. Harris
1907 Avenue P
Fort Pierce, Florida 34950